Mathews, J.
delivered the opinion of the Court.* The appellant brought suit in the late Superior Court of the Territory of Orleans on á bill of exchange, accepted by the appellee and which he suffered afterwards to be protested for non payment, having discovered it to be- a forgery. Judgment was, given in favor of Aymé the, defendant, and present appellee, in that Court, and being amongst the last rendered before the change from the Territorial to the State Government, a new trial was granted, and the cause regularly transferee! for trial to the District Court for the first Judicial District of the State ; and from a *654 final judgment therein rendered in favor of the appellee this appeal is taken.
The petition, or declaration, contains only one count and that, such as is customarily used in actions brought by an indorser against the accept- or of a bill of exchange. The answer of the ap-pellee, who was defendant in the Court below, admits his acceptance, but contends that he is not bound to pay, because the bill is not genuine and true, but forged and false, the signatures of the drawers which appear affixed to it being counterfeited and forged. ,He denies also the signature of the indorser. To this answer the appellant, who was plaintiff in the Court below, demurred, and there being a joinder in demurrer on the part of the defendant, two questions of law were raised-for the decision of the Inferior Court, and which must now be deckled by this Court. 1st. Is the acceptor of a forged bill of exchange bound to pay it, to'the holder, when it does not appear that he took it on the credit of the acceptance and when there is no proof that his situation in relation to it, has been altered by such acceptance ? 2d. Can the indorser of a bill recover against the acceptor, without proving the hand writing of the indor-sers ?
As to the first of these questions, altho’ the Court is inclined to think that it ought to be decided in the negative ; yet as we have no doubt on the second, that-at last a decision of it will carry *655 the cause in favor of the appellee and affirm the judgment of the District Court, it is deemed unnecessary to give any positive opinion oh the legal effects of an acceptance, such as that on which the present action is founded. To determine on the, second question it is necessary to examine, whether from the pleadings in the case* and according to the law and custom of merchants the appellant can recover ? It is a rule with very few exceptions that an indorsee of a bill of exchange cannot recover against the acceptor, without shewing his right and authority by proving the hand writing of his indorsers. When the bill is indorsed in blank, it is sufficient to prove the signature of the first indorsee. But where there are several indorsements filled up to the order of a number of different persons, in an action against the acceptor'perhaps it would be necessary to prove the signatures, of all down to the holder. When a bill is made payable to bearer, in an action against the acceptor commonly the only proof necessary is that of the acceptance..
It is admitted by the counsel for the appellant to be a general rule of the merchants, that in actions brought by indorsees, against the acceptors of bills of exchange, the hand writing of the payees, or indorsers must be proved, in order to warrant a recovery. But he insists that the case before the Court ought to be considered as one forming an exception to this, general rule, because *656 (says he) the bill being forged the payee must bé considered as a fictitious person, and then it stands on the footing of one made payable to bearer ? And if this be not true, that the acceptor having made his acceptance whilst all the endorsements were on the bill, no proof of them ought to be required from the holder.
Cases have beeu decided in the courts of England, and even some which were carried before the Supreme Court of that kingdom, wherein the principle has been established that bills of exchange drawn in favor of fictitious payees, may in some particular instances be considered in the light of those made payable to bearer, and' thus fcrm an exception to the genera! rule which requires proof of the endorsement. . From the history of these cases, to enable the holder, of such a bill to recover against the acceptor, as on a bill payable to the bearer, it is necessary, that he should prove. 1. -That the payee is fictitious, and 2. That the defendant knew this, at the time when he accepted the bill : or, 1. That the payee is fictitious and, 2. That the defendant had given a general authority to the drawer, See. to draw bills upon him in "the name of fictitious payees. See Kidd on Bills, &c. 268. The pleadings do not admit any facts, which bring the appellant’s case within either of those exceptions to the general rule, nor can We perceive any other circumstance, attending, the cause, which will entitle him to the *657 benefit of them or any other exception so as to cause the bill on which he founds his action to be considered as one payable to bearer. He can get no relief from the obligation imposed on him, to prove the hand writing of the indorsers, from the circumstance of the indorsements being on the bill at the time of the acceptance. For, altho’ it is laid down as a general rule that the acceptor is bound to know the hand writing of his correspondent, the drawer ; yet-he is supposed |o look no farther : and an indorsee who sues him is obliged to make out his right and authority to recover, in the same manner as if the bill had been indorsed after acceptance. See 1 D. & E. 650, &c.
Being of opinion that the'judgment of the District Court is right, and well founded in law and justice, it is not for us to enquire into the axioms and reasoning by which the Judgé of that Court supports it.
It is, therefore, ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs, &c.

 Martin, J did not join in this opinion, having been of counsel in the cause.